**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD EUGENE JENSON,<br><br>                   Petitioner,<br>vs.<br><br>MATTHEW CATE, SECRETARY, et al.,<br><br>                   Respondent. | CASE NO. 10-CV-0992-H (WMC)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ADOPTING THE REPORT AND RECOMMENDATION** |

On April 7, 2010, Petitioner Ronald Eugene Jenson ("Jenson"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Hearings' ("Board") parole denial. (Doc. No. 1. "Pet.") On April 12, 2010, the District Court for the Central District of California transferred this case to the District Court for the Southern District of California. (Doc. No. 3.) Respondent filed an answer to the petition on August 24, 2010. (Doc. No. 22.) Jenson filed a traverse on September 13, 2010, (Doc. No 24.), and a supplemental pleading on May 7, 2011. (Doc. No. 30, "Supp.") On June 30, 2011, the magistrate judge issued a Report and Recommendation ("R&R") that the Court deny the petition. (Doc. No. 32.) On July 18, 2011, Jenson filed an objection to the R&R. (Doc. No. 33.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits the matter on the papers. For

the reasons below, the Court denies the petition and adopts the report and recommendation.

**Background**

Petitioner challenges his denial of parole. (Doc. No. 1. "Pet.")  Petitioner is serving time for a conviction of first-degree murder and two counts of attempted robbery with the use of a firearm.[1] (Lodgment No. 1.)  The court sentenced Jenson to serve twenty-seven-years-to-life with the possibility of parole. (Lodgment No. 1, 4.)  While in prison, Jenson pled guilty to escaping from prison, assault with a deadly weapon upon a peace officer and possession of a deadly weapon by a prisoner. (Lodgment No. 2 & 3.)  For these additional convictions, the court sentenced Jenson to a seven year, four month consecutive term. (Lodgment No. 4.)  The Board held Jenson's parole suitability hearing on October 27, 2008. (Lodgment No. 5., Board Hearing Transcript ("Transcript") at 1.)[2]  The Board reviewed Jenson's commitment offense, criminal history, institutional behavior, and attitude toward the crime and found Jenson unsuitable for parole. (Transcript at 10-71, 101-05.)

On March 2, 2009, Jenson filed a petition for writ of habeas corpus in the Los Angeles County Superior Court challenging the Board's parole denial. (Lodgment No. 5 at 1.)  The superior court found "some evidence" supported the Board's decision and denied Jenson's petition. (Lodgment No. 6 at 1.)  Jenson subsequently filed a petition for habeas corpus in the California Court of Appeal. (Lodgment No. 7.)  The court denied the petition, citing In re Lawrence, 44 Cal. 4th 1181 (2008.)[3]  (Lodgment No. 8.)  Jenson filed a petition for habeas

---

[1] The Court takes notice of the facts of Petitioner's initial conviction as stated in the Superior Court's order regarding Jenson's petition for writ of habeas corpus. (Lodgment No. 6., Superior Court Order.)  Four males, including the Petitioner, attempted to rob a gas station. (Id.)  The Petitioner was identified as being armed with a shotgun. (Id.)  The victim had a revolver in his pocket and was attempting to remove it when the shotgun was fired, striking the victim. (Id.)

[2] Lodgment No. 5 includes the Board Hearing Transcript. Citations to "Transcript" refer to the page numbers on the Transcript.

[3] In re Lawrence established that California state courts review the Board's parole denial for "some evidence."  The California Supreme Court explained "the relevant inquiry is whether some evidence supports the *decision* of the Board . . . that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." 44 Cal. 4th at 1212 (emphasis in original).

1  corpus in the California Supreme Court. (Lodgment No. 9.) The California Supreme court
2  denied without comment. (Lodgment No. 10.)

3  On April 7, 2010, Jenson filed a petition for writ of habeas corpus in federal district
4  court. (Pet. at 1.) Jenson claims the Board's decision violated (1) his due process rights
5  because the Board lacked sufficient evidence to deny parole under California's "some
6  evidence" standard, (2) his equal protection rights by denying him a fair and impartial hearing,
7  and (3) the California Penal Code and California Code of Regulations. (Pet. at 5-8.) In
8  opposition, Respondent argues that the Court should deny Jenson's claims because the state
9  court decisions are neither contrary to, nor an unreasonable application of, clearly established
10 law. (Answer at 3, 5-7.) Respondent also argues the Court should dismiss the additional
11 claims because Jenson has not alleged sufficient facts to establish a equal protection claim (Id.
12 at 3, 15) and the state law claims do not allege a federal question. (Id. at 3, 16.)

### Discussion

### I. Scope of Review and Applicable Legal Standard.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id. A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).

Jenson filed this petition after April 24, 1996, and therefore the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997). The amended Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d) provides the following standard of review applicable to state court decisions:

(d) An application for a writ of habeas corpus on behalf of a person in custody

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if a state court either (1) "applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. at 405-06.

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable application" must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. See Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

Habeas relief is also available under § 2254(d)(2) if Petitioner can demonstrate that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The state court's factual determinations are presumed to be correct. See 28 U.S.C. § 2254(e)(1); Summer v. Mata, 449 U.S. 539, 545-47 (1981). Petitioner has the burden of rebutting this presumption by clear and convincing evidence. Id.

Additionally, even if a state court decision is contrary to United States Supreme Court

precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner must show that such error caused substantial or injurious prejudice. See Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). AEDPA creates a highly deferential standard towards state court rulings. See Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007).

When a prisoner challenges the Board's parole decision as a denial of due process, a federal habeas court reviews whether the prisoner received procedural due process. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam). A prisoner receives procedural due process when he or she has an opportunity to be heard and has received a statement explaining the Board's parole denial. Id. at 862.

**II. Due Process Claim.**

Jenson claims the Board violated his due process rights by denying parole without "some evidence" of current dangerousness. (See Pet. at 5-8; Doc. 24-1 "P&A Traverse" at 1.) Jenson alleges the Board denied parole arbitrarily and capriciously. (Pet. at 7; P&A Traverse at 9.) Additionally, Jenson claims the Board denied parole because he failed to upgrade vocationally, even though he notified the Board that section 3377 of Title 15 of the California Code of Regulations precluded him from obtaining the necessary custody level to upgrade. (See Supp. at 1-5.)

The United States Supreme Court in Swarthout v. Cooke recently addressed the standard for due process claims challenging a parole board's decision. Contrary to Jenson's argument, the Supreme Court held the California parole statute did not create a federally protected liberty interest that encompasses the "some evidence" standard. Swarthout, 131 S. Ct. at 861-62 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure well beyond what the Constitution demands) was correctly applied."); see also Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011).

As Swarthout instructs, due process claims require a two-step inquiry. Swarthout, 131 S. Ct. at 861. First, the court must determine whether a person has been deprived of a valid liberty or property interest. Id. (citing Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454,

1  460 (1989).) In Swarthout, the Supreme Court confirmed that California law creates a liberty
2  interest in parole but emphasized "[w]hatever liberty interest exists, is of course, a state interest
3  created by California law." Id. at 862 ("There is no right under the Federal Constitution to be
4  conditionally released before the expiration of a valid sentence.").

5        Second, if the state creates a protected liberty interest, federal habeas courts must ask
6  whether the state followed constitutionally sufficient procedures. Id. at 863. Accordingly,
7  federal habeas courts must review what procedural due process the prisoner received, not
8  whether the state court reasonably applied the "some evidence" standard. Id. at 861; Pearson,
9  639 F.3d at 1191 ("[Swarthout] makes clear that we cannot consider whether 'some evidence'
10 of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254.")

11       To satisfy procedural due process, the Constitution requires prisoners have, at
12 minimum, an opportunity to be heard and a statement of the reasons why the Board denied
13 parole. Id. at 862 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1,
14 16 (1979).) In Swarthout, the Supreme Court concluded that prisoners received adequate due
15 process when "[t]hey were allowed to speak at their parole hearings and to contest the evidence
16 against them, were afforded access to their records in advance, and were notified as to the
17 reasons why parole was denied." Id. at 862.

18       Here, Jenson has not alleged the Board denied him procedural due process. (See Pet.
19 2-9; P&A Traverse at 2.) Indeed, the record indicates Jenson received an opportunity to be
20 heard and a statement explaining the Board's parole denial. Jenson had counsel represent him
21 during his parole hearing and received copies of the documents the Board reviewed.
22 (Transcript at 1, 7-8.) During the hearing, Jenson addressed the Board regarding his criminal
23 history, conduct while in prison, plans if paroled, and psychological evaluation. (Id. at 9, 12-
24 19, 32-33, 36-48, 62-80.) The Board questioned Jenson about his vocational training, and he
25 asserted his custody level prevented him from attending vocational classes to upgrade. (See
26 id. at 18-19; Supp. at 12-13.) Jenson also explained he received his GED in 2000, read self-
27 help books to improve his anger management, clarified how he has changed in prison, and
28 stated his goals if paroled. (Transcript at 21, 24, 91-94.) Lastly, Jenson and his attorney made

1  closing statements advocating his release. (Id. at 95-100.) After reviewing Jenson's case, the
2  Board explained to Jenson and his attorney why it denied Jenson parole. (Id. at 101-14.)
3  After reviewing the records of Petitioner's parole hearing, the Court concludes that Jenson
4  received procedural due process as set forth in Swarthout. See 131 S. Ct at 862; Pearson 639
5  F.3d at 1191. Accordingly, the Court denies Jenson's due process claim.

### III. Equal Protection Claim.

7  Jenson claims the Board's decision violated his right to equal protection by depriving
8  him of a fair and impartial hearing. (Pet. at 5-6; P&A Traverse at 7.) To allege an equal
9  protection claim, a petitioner must allege membership in a protected class and show the state
10 acted with the intent to discriminate against the petitioner or against a class of inmates that
11 included petitioner. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

12 The Supreme Court has established "[h]abeas corpus petitions must meet heightened
13 pleading requirements . . . [and] Federal courts are authorized to dismiss summarily any habeas
14 petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856
15 (1994); 28 U.S.C. § 2254 Rule 2(c), 4. The petitioner must state facts with "sufficient detail
16 to enable the court to determine, from the face of the petition alone, whether the petition merits
17 further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).
18 Although the court should construe pro se habeas petitions with leniency and understanding,
19 Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008), "[c]onclusory allegations which are not
20 supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24
21 F.3d 20, 26 (9th Cir. 1994) (citation omitted).

22 Here, Jenson claims the Board violated his right to equal protection by depriving him
23 of a fair and impartial hearing. (Pet. at 7, P&A Traverse at 1.) However, Jenson has not
24 alleged any status constituting membership in a protected class. Furthermore, Jenson has not
25 alleged the Board treated him differently than other prisoners similarly situated or the Board
26 intended to discriminate against him based on his membership in a protected class. See
27 Spraggins v. Morse, No. 11-851, 2011 WL 1869927, at *3 (S.D. Cal. May 16, 2011)
28 (dismissing an equal protection claim because the plaintiff failed to allege he was a member

of a protected class or the defendant acted with intent to discriminate). Nor are any of Jenson's allegations supported by specific facts as required under Borg. 24 F.3d at 26. Therefore, Jenson has not alleged sufficient facts to establish an equal protection violation. Accordingly, the Court denies Jenson's equal protection claim.

**IV. California Penal Code and Code of Regulations Claims.**

Jenson alleges the Board's parole denial violated the California Penal Code sections 5011 and 3041, and sections 2281, 2401, and 2402 of Title 15 of the California Code of Regulations. (California statutes governing parole suitability) (Pet. at 5-7; P&A Traverse at 5-6.) See Cal. Code. Regs. tit. 15, § 2281 (guidelines for the Board's parole suitability determination including factors for consideration and factors that weigh toward unsuitability); § 2401 (parole criteria and guidelines for life prisoners); § 2402 (guidelines to determine parole suitability for life prisoners including circumstances showing unsuitability and suitability); Cal. Penal Code § 3041 (establishing the Board must set a release date unless it determines public safety requires the prisoner serve more time). Additionally, Jenson argues the Board violated California Penal Code section 5011(b) by denying parole because he maintained his innocence. See Cal. Pen. Code § 5011(b) (prohibiting the Board from requiring an admission of guilt to grant parole).

A federal court may review habeas corpus petitions only on the ground the petitioner is in custody in violation of federal law. 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam). In Swarthout, the Supreme Court emphasized that Federal habeas relief is not available for an error of state law. Swarthout, 131 S. Ct. at 861-62 ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) ("A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus.").

The Court concludes that Jenson's state law claims as alleged are outside the scope of federal habeas review. See Swarthout, 131 S. Ct. at 861, 863. Accordingly, the Court denies Jenson's claims for violation of the California Penal Code and Code of Regulations.

**Conclusion**

For the reasons stated above, the Court denies the petition for writ of habeas corpus, adopts the report and recommendation, denies a request for an evidentiary hearing and denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated: October 11, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT